KNICKERBOCKER ICE CO. v. KOCH et al. (Circuit Court of Appeals, Second Circuit. January 9, 1922.) No. 140. In Error to the District Court of the United States for the Eastern District of New York. Action by Pearl Koch and another against the Knickerbocker Ice Company to recover damages for personal injuries. Judgment for plaintiffs, and defendant brings error. Affirmed. Frank R. Savidge, of New York City (James W. Bailey and William W. Bullis, Jr., both of New York City, of counsel), for plaintiff in error. Elmer J. Ashmead, of Jamaica, N. Y., for defendants in error. Before ROGERS, MANTON, and MAYER, Circuit Judges.

PER CURIAM. Judgment affirmed.

---

In re KREINER et al. (Circuit Court of Appeals, Second Circuit. January 18, 1922.) No. 152. Petition to Revise Order of the District Court of the United States for the Southern District of New York. In the matter of Louis Kreiner and another, individually and as copartners trading as the Kayanee Waist & Dress Company, bankrupts. From an order affirming a referee's report, which denied the motion of Bromberg Costume Company, Inc., against Robert P. Levis, as trustee in bankruptcy, to require the trustee to pay over to claimant a sum of money, the claimant files petition to review. Order affirmed. Harry Dubinsky, of New York City (Silver & Moscowitz and Samuel J. Rawak, all of New York City, of counsel), for petitioner. Bondy & Schloss, of New York City (Eugene L. Bondy, of New York City, of counsel), for respondent. Before ROGERS, HOUGH, and MANTON, Circuit Judges.

PER CURIAM. Order affirmed.

---

THOMAS v. UNITED STATES. (Circuit Court of Appeals, Sixth Circuit. February 17, 1922.) No. 3579. In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; John M. Killits, Judge. Roger Thomas was convicted of having received, knowing it to have been stolen, property stolen while in interstate shipment, and he brings error. Affirmed. D. J. Hartwell, of Youngstown, Ohio (John J. Sullivan, of Cleveland, Ohio, on the brief), for plaintiff in error. Berkeley W. Henderson, Asst. U. S. Atty., of Cleveland, Ohio (Edwin S. Wertz, U. S. Atty., of Cleveland, Ohio, on the brief), for the United States. Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

PER CURIAM. Plaintiff in error was convicted of having received, knowing it to have been stolen, property stolen while in interstate shipment. He made no motion for an instructed verdict and took no specific exception to the charge of the court. For these reasons some of the questions argued are not sufficiently preserved by the record. Of the three assignments of error which have proper basis, one relates to language which was used by the district attorney in argument, and which clearly was not beyond the proper scope; and one is based upon objection to a question asked the witness, for which objection no ground was stated. These two require no attention. The third relates to the statement of a witness that other property, found in Thomas' store at the same time as this, was also stolen property. When it appeared that the witness had no personal knowledge, the statement was stricken out, and the jury instructed to disregard it. No legal prejudice remained. If we might overlook Thomas' failure to preserve for review the matters most seriously argued to us and give them consideration, we would not think that any injustice was done below. His meritorious defense seems to be that, when the property was offered to him at a fraction of its value, he supposed that the offerers were getting rid of it in preparation for bankruptcy; and even this inference had faint support under the circumstances. The judgment is affirmed.